UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HOSSFELD, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTV, LLC,<br><br>Defendant. | Case No. 2:22-cv-05339-JLS-MAA<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER<br><br><u>CLASS ACTION</u><br><br>District Judge Josephine L. Staton<br>Magistrate Judge Maria A. Audero<br><br>Complaint Filed: 08/01/2022 |

## 1.   **PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 13.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5 sets forth the

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

1

1    procedures that must be followed and the standards that will be applied when a party

2    seeks permission from the Court to file material under seal.

3    **2.    GOOD CAUSE STATEMENT**

4        This action is likely to involve trade secrets, commercial information that is

5    not publicly known and is of technical or commercial advantage to its possessor,

6    personal information of third parties (including customer account information),

7    customer and pricing lists and other valuable research, development, commercial,

8    financial, technical and/or proprietary information  for which special protection

9    from public disclosure and from use for any purpose other than prosecution of this

10   action is warranted and in some cases required by law or agreement to be kept

11   confidential.  These confidential and proprietary materials and information consist

12   of, among other things, confidential business or financial information, information

13   regarding confidential business practices, or other confidential research,

14   development, or commercial information (including information implicating

15   privacy rights of third parties), information otherwise generally unavailable to the

16   public, or which may be privileged or otherwise protected from disclosure under

17   state or federal statutes, court rules, case decisions, or common law.  Accordingly,

18   to expedite the flow of information, to facilitate the prompt resolution of disputes

19   over confidentiality of discovery materials, to adequately protect information the

20   parties are entitled to keep confidential, to ensure that the parties are permitted

21   reasonable necessary uses of such material in preparation for and in the conduct of

22   trial, to address their handling at the end of the litigation, and to serve the ends of

23   justice, a protective order for such information is justified in this matter. It is the

24   [PROPOSED] STIPULATED PROTECTIVE ORDER

1   intent of the parties that information will not be designated as confidential for

2   tactical reasons and that nothing be so designated without a good faith belief that it

3   has been maintained in confidential, non-public manner, and there is good cause

4   why it should not be part of the public record of this case.

5   **3.    DEFINITIONS**

6      3.1.   Action: *Hossfeld v. DIRECTV*, Case No. 2:22-cv-05339-JLS-MAA

7             (C.D. Cal.).

8      3.2.   Challenging Party: A Party or Nonparty that challenges the

9             designation of information or items under this Stipulated Protective

10            Order.

11     3.3.   "CONFIDENTIAL" Information or Items: Information (regardless of

12            how it is generated, stored or maintained) or tangible things that

13            qualify for protection under Federal Rule of Civil Procedure 26(c),

14            and as specified above in the Good Cause Statement.

15     3.4.   Counsel: Outside Counsel of Record and In-House Counsel (as well

16            as their support staff).

17     3.5.   Designating Party: A Party or Nonparty that designates information or

18            items that it produces in disclosures or in responses to discovery as

19            "CONFIDENTIAL."

20     3.6.   Disclosure or Discovery Material: All items or information, regardless

21            of the medium or manner in which it is generated, stored, or

22            maintained (including, among other things, testimony, transcripts, and

23

24   [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

1   tangible things), that is produced or generated in disclosures or

2   responses to discovery in this matter.

3   3.7.   Expert: A person with specialized knowledge or experience in a

4   matter pertinent to the litigation who has been retained by a Party or

5   its counsel to serve as an expert witness or as a consultant in this

6   Action.

7   3.8.   In-House Counsel: Attorneys who are employees of a party to this

8   Action. In-House Counsel does not include Outside Counsel of

9   Record or any other outside counsel.

10  3.9.   Nonparty: Any natural person, partnership, corporation, association,

11  or other legal entity not named as a Party to this action.

12  3.10.  Outside Counsel of Record: Attorneys who are not employees of a

13  party to this Action but are retained to represent or advise a party to

14  this Action and have appeared in this Action on behalf of that party or

15  are affiliated with a law firm which has appeared on behalf of that

16  party, and includes support staff.

17  3.11.  Party: Any party to this Action, including all of its officers, directors,

18  employees, consultants, retained experts, In-House Counsel, and

19  Outside Counsel of Record (and their support staffs).

20  3.12.  Producing Party: A Party or Nonparty that produces Disclosure or

21  Discovery Material in this Action.

22  3.13.  Professional Vendors: Persons or entities that provide litigation

23  support services (e.g., photocopying, videotaping, translating,

24  [PROPOSED] STIPULATED PROTECTIVE ORDER

4

1  preparing exhibits or demonstrations, and organizing, storing, or

2  retrieving data in any form or medium) and their employees and

3  subcontractors.

4  3.14. <u>Protected Material</u>: Any Disclosure or Discovery Material that is

5  designated as "CONFIDENTIAL".

6  3.15. <u>Receiving Party</u>: A Party that receives Disclosure or Discovery

7  Material from a Producing Party.

8  **4.** **SCOPE**

9  The protections conferred by this Stipulated Protective Order cover not only

10  Protected Material, but also (1) any information copied or extracted from Protected

11  Material; (2) all copies, excerpts, summaries, or compilations of Protected

12  Material; and (3) any testimony, conversations, or presentations by Parties or their

13  Counsel that might reveal Protected Material.

14  Any use of Protected Material at trial shall be governed by the orders of the

15  trial judge. This Stipulated Protective Order does not govern the use of Protected

16  Material at trial.

17  **5.** **DURATION**

18  Even after final disposition of this litigation, the confidentiality obligations

19  imposed by this Stipulated Protective Order shall remain in effect until a

20  Designating Party agrees otherwise in writing or a court order otherwise directs.

21  Final disposition shall be deemed to be the later of (1) dismissal of all claims and

22  defenses in this Action, with or without prejudice; and (2) final judgment herein

23  after the completion and exhaustion of all appeals, rehearings, remands, trials, or

24  [PROPOSED] STIPULATED PROTECTIVE ORDER

1   reviews of this Action, including the time limits for filing any motions or

2   applications for extension of time pursuant to applicable law.

3   **6.    DESIGNATING PROTECTED MATERIAL**

4   6.1.   Exercise of Restraint and Care in Designating Material for Protection.

5   Each Party or Nonparty that designates information or items for

6   protection under this Stipulated Protective Order must take care to

7   limit any such designation to specific material that qualifies under the

8   appropriate standards. The Designating Party must designate for

9   protection only those parts of material, documents, items, or oral or

10   written communications that qualify so that other portions of the

11   material, documents, items, or communications for which protection

12   is not warranted are not swept unjustifiably within the ambit of this

13   Stipulated Protective Order.

14   Mass, indiscriminate, or routinized designations are prohibited.

15   Designations that are shown to be clearly unjustified or that have been

16   made for an improper purpose (*e.g.*, to unnecessarily encumber the

17   case development process or to impose unnecessary expenses and

18   burdens on other parties) may expose the Designating Party to

19   sanctions.

20   6.2.   Manner and Timing of Designations.

21   Except as otherwise provided in this Stipulated Protective

22   Order (*see, e.g.*, Section 6.2(a)), or as otherwise stipulated or ordered,

23   Disclosure or Discovery Material that qualifies for protection under

24   [PROPOSED] STIPULATED PROTECTIVE ORDER

6

1    this Stipulated Protective Order must be clearly so designated before

2    the material is disclosed or produced.

3        Designation in conformity with this Stipulated Protective Order

4    requires the following:

5    (a)    For information in documentary form (*e.g.*, paper or electronic

6        documents, but excluding transcripts of depositions or other pretrial or

7        trial proceedings), that the Producing Party affix at a minimum, the

8        legend "CONFIDENTIAL" to each page that contains protected

9        material. If only a portion or portions of the material on a page

10       qualifies for protection, the Producing Party also must clearly identify

11       the protected portion(s) (*e.g.*, by making appropriate markings in the

12       margins).

13           A Party or Nonparty that makes original documents available

14       for inspection need not designate them for protection until after the

15       inspecting Party has indicated which documents it would like copied

16       and produced. During the inspection and before the designation, all of

17       the material made available for inspection shall be deemed

18       "CONFIDENTIAL." After the inspecting Party has identified the

19       documents it wants copied and produced, the Producing Party must

20       determine which documents, or portions thereof, qualify for protection

21       under this Stipulated Protective Order. Then, before producing the

22       specified documents, the Producing Party must affix the legend

23       "CONFIDENTIAL" to each page that contains Protected Material. If

24       [PROPOSED] STIPULATED PROTECTIVE ORDER

1    only a portion or portions of the material on a page qualifies for

2    protection, the Producing Party also must clearly identify the

3    protected portion(s) (*e.g.*, by making appropriate markings in the

4    margins).

5    (b)    For testimony given in depositions, that the Designating Party identify

6           the Disclosure or Discovery Material on the record, before the close of

7           the deposition, all protected testimony.

8    (c)    For information produced in nondocumentary form, and for any other

9           tangible items, that the Producing Party affix in a prominent place on

10          the exterior of the container or containers in which the information is

11          stored the legend "CONFIDENTIAL." If only a portion or portions of

12          the information warrants protection, the Producing Party, to the extent

13          practicable, shall identify the protected portion(s).

14   6.3.   Inadvertent Failure to Designate.

15          If timely corrected, an inadvertent failure to designate qualified

16   information or items does not, standing alone, waive the Designating

17   Party's right to secure protection under this Stipulated Protective

18   Order for such material. Upon timely correction of a designation, the

19   Receiving Party must make reasonable efforts to assure that the

20   material is treated in accordance with the provisions of this Stipulated

21   Protective Order.

22

23

24   [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

**7.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

    7.1.   <u>Timing of Challenges</u>.

            Any Party or Nonparty may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

    7.2.   <u>Meet and Confer</u>.

            The Challenging Party shall initiate the dispute resolution process, which shall comply with Local Rule 37.1 et seq., and with Section 4 of Judge Audero's Procedures ("Mandatory Telephonic Conference for Discovery Disputes").[1]

    7.3.   <u>Burden of Persuasion</u>.

            The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

---

[1] Judge Audero's Procedures are available at

https://www.cacd.uscourts.go/hororable-maria-audero.

1   **8.    ACCESS TO AND USE OF PROTECTED MATERIALS**

2       8.1.   Basic Principles.

3               A Receiving Party may use Protected Material that is disclosed

4       or produced by another Party or by a Nonparty in connection with this

5       Action only for prosecuting, defending, or attempting to settle this

6       Action. Such Protected Material may be disclosed only to the

7       categories of persons and under the conditions described in this

8       Stipulated Protective Order. When the Action reaches a final

9       disposition, a Receiving Party must comply with the provisions of

10      Section 14 below.

11              Protected Material must be stored and maintained by a

12      Receiving Party at a location and in a secure manner that ensures that

13      access is limited to the persons authorized under this Stipulated

14      Protective Order.

15      8.2.   Disclosure of "CONFIDENTIAL" Information or Items.

16              Unless otherwise ordered by the Court or permitted in writing

17      by the Designating Party, a Receiving Party may disclose any

18      information or item designated "CONFIDENTIAL" only to:

19      (a)    The Receiving Party's Outside Counsel of Record, as well as

20             employees of said Outside Counsel of Record to whom it is

21             reasonably necessary to disclose the information for this

22             Action;

23

24                       [PROPOSED] STIPULATED PROTECTIVE ORDER
                                        10

1      (b)    The officers, directors, and employees (including In-House

2                Counsel) of the Receiving Party to whom disclosure is

3                reasonably necessary for this Action;

4      (c)    Experts of the Receiving Party to whom disclosure is

5                reasonably necessary for this Action and who have signed the

6                "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7      (d)    The Court and its personnel;

8      (e)    Court reporters and their staff;

9      (f)    Professional jury or trial consultants, mock jurors, and

10              Professional Vendors to whom disclosure is reasonably

11              necessary or this Action and who have signed the

12              "Acknowledgment and Agreement to be Bound" (Exhibit A);

13     (g)    The author or recipient of a document containing the

14              information or a custodian or other person who otherwise

15              possessed or knew the information;

16     (h)    During their depositions, witnesses, and attorneys for witnesses,

17              in the Action to whom disclosure is reasonably necessary

18              provided: (i) the deposing party requests that the witness sign

19              the "Acknowledgment and Agreement to Be Bound" (Exhibit

20              A); and (ii) the witness will not be permitted to keep any

21              confidential information unless they sign the "Acknowledgment

22              and Agreement to Be Bound," unless otherwise agreed by the

23              Designating Party or ordered by the Court. Pages of transcribed

24           [PROPOSED] STIPULATED PROTECTIVE ORDER

1    deposition testimony or exhibits to depositions that reveal

2    Protected Material may be separately bound by the court

3    reporter and may not be disclosed to anyone except as permitted

4    under this Stipulated Protective Order; and

5    (i)    Any mediator or settlement officer, and their supporting

6    personnel, mutually agreed upon by any of the parties engaged

7    in settlement discussions.

8    **9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED**

9    **PRODUCED IN OTHER LITIGATION.**

10    If a Party is served with a subpoena or a court order issued in other litigation

11    that compels disclosure of any information or items designated in this Action as

12    "CONFIDENTIAL," that Party must:

13    (a)    Promptly notify in writing the Designating Party. Such notification

14    shall include a copy of the subpoena or court order;

15    (b)    Promptly notify in writing the party who caused the subpoena or order

16    to issue in the other litigation that some or all of the material covered

17    by the subpoena or order is subject to this Stipulated Protective Order.

18    Such notification shall include a copy of this Stipulated Protective

19    Order; and

20    (c)    Cooperate with respect to all reasonable procedures sought to be

21    pursued by the Designating Party whose Protected Material may be

22    affected.

23

24    [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

1    If the Designating Party timely seeks a protective order, the Party served

2  with the subpoena or court order shall not produce any information designated in

3  this action as "CONFIDENTIAL" before a determination by the Court from which

4  the subpoena or order issued, unless the Party has obtained the Designating Party's

5  permission. The Designating Party shall bear the burden and expense of seeking

6  protection in that court of its confidential material and nothing in these provisions

7  should be construed as authorizing or encouraging a Receiving Party in this Action

8  to disobey a lawful directive from another court.

9  10.    **A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE**

10      **PRODUCED IN THIS LITIGATION**

11      10.1.  Application.

12          The terms of this Stipulated Protective Order are applicable to

13      information produced by a Nonparty in this Action and designated as

14      "CONFIDENTIAL." Such information produced by Nonparties in

15      connection with this litigation is protected by the remedies and relief

16      provided by this Stipulated Protective Order. Nothing in these

17      provisions should be construed as prohibiting a Nonparty from

18      seeking additional protections.

19      10.2.  Notification.

20          In the event that a Party is required, by a valid discovery

21      request, to produce a Nonparty's confidential information in its

22      possession, and the Party is subject to an agreement with the Nonparty

23

24          [PROPOSED] STIPULATED PROTECTIVE ORDER

13

1    not to produce the Nonparty's confidential information, then the Party

2    shall:

3        (a)    Promptly notify in writing the Requesting Party and the

4                 Nonparty that some or all of the information requested is

5                 subject to a confidentiality agreement with a Nonparty;

6        (b)    Promptly provide the Nonparty with a copy of the Stipulated

7                 Protective Order in this Action, the relevant discovery

8                 request(s), and a reasonably specific description of the

9                 information requested; and

10       (c)    Make the information requested available for inspection by the

11                Nonparty, if requested.

12      10.3.  <u>Conditions of Production</u>.

13            If the Nonparty fails to seek a protective order from this Court

14   within fourteen (14) days after receiving the notice and accompanying

15   information, the Receiving Party may produce the Nonparty's

16   confidential information responsive to the discovery request. If the

17   Nonparty timely seeks a protective order, the Receiving Party shall

18   not produce any information in its possession or control that is subject

19   to the confidentiality agreement with the Nonparty before a

20   determination by the Court. Absent a court order to the contrary, the

21   Nonparty shall bear the burden and expense of seeking protection in

22   this Court of its Protected Material.

23

24           [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

1   **11.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

2          If a Receiving Party learns that, by inadvertence or otherwise, it has

3   disclosed Protected Material to any person or in any circumstance not authorized

4   under this Stipulated Protective Order, the Receiving Party immediately must (1)

5   notify in writing the Designating Party of the unauthorized disclosures, (2) use its

6   best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform

7   the person or persons to whom unauthorized disclosures were made of all the terms

8   of this Stipulated Protective Order, and (4) request such person or persons to

9   execute the "Acknowledgment and Agreement to be Bound" (Exhibit A).

10   **12.   INADVERTENT PRODUCTION OF PRIVILEGED OR**

11   **       OTHERWISE PROTECTED MATERIAL**

12          When a Producing Party gives notice to Receiving Parties that certain

13   inadvertently produced material is subject to a claim of privilege or other

14   protection, the obligations of the Receiving Parties are those set forth in Federal

15   Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify

16   whatever procedure may be established in an e-discovery order that provides for

17   production without prior privilege review. Pursuant to Federal Rule of Evidence

18   502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure

19   of a communication or information covered by the attorney-client privilege or

20   work product protection, the parties may incorporate their  agreement in the

21   Stipulated Protective Order submitted to the Court.

22

23

24   [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

**13.    MISCELLANEOUS**

13.1.  Right to Further Relief.

Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

13.2.  Right to Assert Other Objections.

By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

13.3.  Filing Protected Material.

A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

**14.    FINAL DISPOSITION**

After the final disposition of this Action, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this

[PROPOSED] STIPULATED PROTECTIVE ORDER

16

1  subdivision, "all Protected Material" includes all copies, abstracts, compilations,

2  summaries, and any other format reproducing or capturing any of the Protected

3  Material. Whether the Protected Material is returned or destroyed, the Receiving

4  Party must submit a written certification to the Producing Party (and, if not the

5  same person or entity, to the Designating Party) by the 60-day deadline that (1)

6  identifies (by category, where appropriate) all the Protected Material that was

7  returned or destroyed and (2) affirms that the Receiving Party has not retained any

8  copies, abstracts, compilations, summaries or any other format reproducing or

9  capturing any of the Protected Material. Notwithstanding this provision, Counsel is

10  entitled to retain an archival copy of all pleadings; motion papers; trial, deposition,

11  and hearing transcripts; legal memoranda; correspondence; deposition and trial

12  exhibits; expert reports; attorney work product; and consultant and expert work

13  product, even if such materials contain Protected Material. Any such archival

14  copies that contain or constitute Protected Material remain subject to this

15  Stipulated Protective Order as set forth in Section 5.

16  **15.   <u>VIOLATION</u>**

17     Any violation of this Stipulated Order may be punished by any and all

18  appropriate measures including, without limitation, contempt proceedings and/or

19  monetary sanctions.

20

21

22

23

24  [PROPOSED] STIPULATED PROTECTIVE ORDER

17

1    STIPULATED TO AND DATED this 21st day of July, 2023.

2

3                                TERRELL MARSHALL LAW GROUP PLLC

4                    By: */s/ Beth E. Terrell*, CSB #178181
                         Beth E. Terrell, CSB #178181
5                        Email: bterrell@terrellmarshall.com
                         Jennifer Rust Murray*
6                        Email: jmurray@terrellmarshall.com
                         Adrienne D. McEntee*
7                        Email: amcentee@terrellmarshall.com
                         936 North 34th Street, Suite 300
8                        Seattle, Washington 98103
                         Telephone: (206) 816-6603
9

10                       MILLER SHAH LLP

11                       Kolin C. Tang, CSB #279834
                         Email: kctang@millershah.com
12                       James C. Shah, CSB #260435
                         Email: jcshah@millershah.com
13                       19712 MacArthur Blvd., Suite 222
                         Irvine, California 92612
14                       Telephone: (866) 540-5505

15

16                       BURKE LAW OFFICES, LLC

17                       Alexander H. Burke*
                         Email: aburke@burkelawllc.com
18                       Daniel J. Marovitch*
                         Email: dmarovitch@burkelawllc.com
19                       909 Davis Street, Suite 500
                         Evanston, IL 60201
20                       Telephone: (312) 729-5288

21
                         *Attorneys for Plaintiff*
22
                         *Admitted Pro Hac Vice*
23

24    [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER
                                18

SKADDEN ARPS SLATE MEAGHER
AND FLOM LLP

By: */s/ Colm P. McInerney*
      Meredith C. Slawe*
      Email: meredith.slawe@skadden.com
      Michael W. McTigue Jr*
      Email: michael.mctigue@skadden.com
      Colm P. McInerney*
      Email: colm.mcinerney@skadden.com
      One Manhattan West
      New York, New York 10001
      Telephone: (212) 735-3000
      Facsimile: (212) 735-2000

      Jason D. Russell, CSB #169219
      Email: jason.russell@skadden.com
      300 South Grand Avenue Suite 3400
      Los Angeles, California 90071-3144
      Telephone: (213) 687-5000
      Facsimile: (213) 621-5328

      *Attorneys for Defendant*

      *\*Admitted Pro Hac Vice*

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

19

1                                ORDER

2          PURSUANT TO STIPULATION, IT IS SO ORDERED that the above

3 Stipulated Protective Order is hereby GRANTED.

4

5       DATED:_____ July 21, 2023

6                         _____

7                         THE HONORABLE MARIA A. AURDERO
                         UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24                     [PROPOSED] STIPULATED PROTECTIVE ORDER

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [full name], of _____

_____ [address], declare under penalty of perjury that I have read in

its entirety and understand the Stipulated Protective Order that was issued by the

United States District Court for the Central District of California on _____

[date] in the case of _____

[case name and number].  I agree to comply with and to be bound by all the terms

of this Stipulated Protective Order, and I understand and acknowledge that failure

to so comply could expose me to sanctions and punishment in the nature of

contempt.  I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Stipulated

Protective Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the terms

of this Stipulated Protective Order, even if such enforcement proceedings occur

after termination of this action.  I hereby appoint _____[full name]

of _____[address and telephone number]

as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.


Signature:                                                _____

Printed Name:                                         _____

Date:                                                        _____

City and State Where Sworn and Signed:    _____


[PROPOSED] STIPULATED PROTECTIVE ORDER